**KAUFMAN DOLOWICH**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.283.8703
Facsimile: 516.884.6519

www.kaufmandolowich.com

**Eric Stern, Esq.**
**Partner**
**Email: estern@KaufmanDolowich.com**

November 1, 2024

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



Re:   *Peleus Insurance Company v. Southwest Marine and General Insurance Company and Boguslaw Huk*
      **EDNY Civil Case No.: 1:24-cv-01527-KPF**

Dear Judge Failla:

Our firm represents Defendant Southwest Marine and General Insurance Company, ("Defendant") in the above action. We are writing to respectfully request a pre-motion discovery conference to discuss appropriate steps forward in light of outstanding non-party discovery. We are also requesting that the discovery deadline of November 4, 2024 be adjusted so that the necessary discovery can be obtained.

As previously reported, Defendant served non-party subpoenas on Peleus Insurance Company's ("Plaintiff") insured Ridgeline Construction Associates, LLC ("Ridgeline") to submit documents, information or objects and to testify at deposition in a civil action with return dates of September 4, 2024 and September 6, 2024, respectively.

We served the non-party subpoenas because in its complaint, Plaintiff seeks additional insured coverage under a Commercial General Liability Policy, bearing Policy No. GL2022RLH00293, issued by Defendant to its named insured AL One Consulting, Inc. ("A.L. One") (the "Southwest Policy"). The Southwest Policy contains an additional insured endorsement, which provides additional insured coverage to "[a]ny person or organization whom you are required to include as an additional insured on this policy under **a written contract or written agreement**; but the written contract or written agreement must be: 1. Currently in effect or becoming effective during the term of this policy; and 2. Executed prior to the 'occurrence.'".

Plaintiff contends that its insured, Ridgeline, qualifies as an additional insured under the Southwest Policy due to a contract purportedly entered between Ridgeline and A.L. One (the "Purported Contract"). (See Dkt.1). It is alleged that in the Purported Contract A.L. One "agreed to procure insurance on behalf of Ridgeline, and to name Ridgeline as an Additional Insured on a

primary and non-contributory basis on its own insurance policy with [Defendant]." (See Dkt. 1). Plaintiff alleges that in light of the Purported Contract, Ridgeline qualifies as an additional insured on the Southwest Policy and Defendant has a duty to indemnify Ridgeline on a primary and non-contributory basis in connection with a complaint styled *Boguslaw Huk v. Temple Israel of The City of New York, Consigli Construction Co., Inc., A L One Consulting Inc. and Ridgeline Construction Associates, LLC,* Supreme Court, New York County; Index No.: 151997/2023. (See Dkt. 1).

Based on the foregoing, Plaintiff's causes of action are contingent, in part, on the existence, contents and enforceability of the Purported Contract. However, neither Plaintiff nor Defendant are parties to the Purported Contract. Therefore, Defendant issued a subpoena on Ridgeline for the Purported Contract, and any materials "related to" the Purported Contract. The materials "related to" the Purported Contract are necessary because the Purported Contract references other "contract documents", and the language contained in the Purported Contract regarding amending the same is unclear.

On September 9, 2024, we heard from Ridgeline's counsel, advising of their retention with respect to the subpoenas and advising that they did not believe a deposition could be scheduled prior to September 20, 2024 but rather could take place in early October 2024. Thereafter, we followed up with Ridgeline's counsel multiple times for both the deposition and documents, being mindful of the previous October 21, 2024 discovery deadline. On October 10, 2024, Ridgeline's counsel advised that Defendant's Insured, AL One Consulting Inc. ("AL One") had admitted to a contract between AL One and Ridgeline in the underlying personal injury litigation and provided a copy of the same.

In the interests of judicial economy, Defendant was willing to accept the produced contract. However, to ensure that Defendant had the full scope of the agreement between the parties, we requested that Ridgeline also submit a sworn statement that the produced contract was the Purported Contract and that Ridgeline did not have any other documents related to the Purported Contract.

On October 16, 2024, the parties to this lawsuit requested the first adjournment from the Court to, in part, allow time for counsel for Ridgeline to respond.

After our follow ups, on October 30, 2024, Ridgeline's counsel provided a statement from Ridgeline, admitting that the produced contract was in fact the Purported Contract. However, despite our request, Ridgeline's counsel has refused to produce any of the materials related to the contract, or produce a sworn statement that such documents do not exist. Ridgeline's counsel maintains that the "related materials" are not relevant as all parties to the contract admit to the same version of the Purported Contract.

As discussed above, the Purported Contract, along with any documents that may amend or alter the same are essential to the litigation of this matter. We respectfully request that the Court schedule a conference including counsel for Ridgeline, who is cc's on this letter, to discuss the discovery dispute and reach resolution.

To accommodate this dispute, we further kindly request that the current November 4, 2024 discovery deadline be postponed so that the discovery issues may be resolved. This is the second such request for an adjournment.

We thank the Court for its attention to this matter and its considerations in this regard.

Respectfully,

/s/ Eric Stern
Eric Stern, Esq.

cc: All Counsel of Record (via ECF)

Audra Zane (via email)
Counsel for Ridgeline

```
Application DENIED.  In light of Defendant's representations, and
the fact that Ridgeline has not appeared in this action, the
Court believes that the proper course of action is for Defendant
to bring a motion to compel compliance with the subpoena.

If the parties want to seek an adjournment of the fact discovery
deadline and the upcoming November 15, 2024 pretrial conference,
they should do so in a joint letter.

The Clerk of Court is directed to terminate the pending motion at
docket entry 30.

Dated:    November 4, 2024              SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE