**Eric Stern, Esq.**
**Partner**
**Email: estern@KaufmanDolowich.com**

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.283.8703
Facsimile: 516.884.6519

www.kaufmandolowich.com

November 5, 2024

**VIA ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



Re: *Peleus Insurance Company v. Southwest Marine and General Insurance Company and Boguslaw Huk*
<u>SDNY Civil Case No.: 1:24-cv-01527-KPF</u>

Dear Judge Failla:

      Our firm represents Defendant Southwest Marine and General Insurance Company, ("Defendant") in the above action. We are writing pursuant to the Court's November 4, 2024 order to respectfully request that the Court compel compliance with non-party subpoenas served on Peleus Insurance Company's ("Plaintiff") insured, Ridgeline Construction Associates, LLC ("Ridgeline"). We further write in opposition to Ridgeline's November 5, 2024 request for leave to file a motion to quash the non-party subpoenas. The subpoenas were for 1) documents, information or objects; and 2) to testify at deposition in a civil action, with return dates of September 4, 2024 and September 6, 2024, respectively.

      We have attached the subpoena to submit documents, information or objects dated August 20, 2024 and served on August 27, 2024 as Exhibit A. We also attached the subpoena to testify at deposition in a civil action dated August 20, 2024 and served August 27, 2024 as Exhibit B.

      We served the non-party subpoenas because in its complaint, Plaintiff seeks additional insured coverage under a Commercial General liability Policy, bearing Policy No. GL2022RLH00293, issued by Defendant to its named insured A.L. One Consulting, Inc. ("A.L. One") (the "Southwest Policy"). A copy of the Southwest Policy is attached hereto as Exhibit C. The Southwest Policy contains an additional insured endorsement, which provides additional insured coverage to "[a]ny person or organization whom you are required to include as an additional insured on this policy under **a written contract or written agreement**; but the written contract or written agreement must be: 1. Currently in effect or becoming effective during the term of this policy; and 2. Executed prior to the 'occurrence.'" (See Ex. C; emphasis added).

Plaintiff contends that its insured, Ridgeline, qualifies as an additional insured under the Southwest Policy due to a contract purportedly entered between Ridgeline and A.L. One (the "Purported Contract"). A copy of the Complaint is annexed as Exhibit D. It is alleged that in the Purported Contract A.L. One "agreed to procure insurance on behalf of Ridgeline, and to name Ridgeline as an Additional Insured on a primary and non-contributory basis on its own insurance policy with [Defendant]." See Ex. D. Plaintiff alleges that in light of the Purported Contract, Ridgeline qualifies as an additional insured on the Southwest Policy and Defendant has a duty to indemnify Ridgeline on a primary and non-contributory basis in connection with a complaint styled *Boguslaw Huk v. Temple Israel of The City of New York, Consigli Construction Co., Inc., A L One Consulting Inc. and Ridgeline Construction Associates, LLC,* Supreme Court, New York County; Index No.: 151997/2023 (the "Underlying Action"). See Ex. D.

Based on the foregoing, Plaintiff's causes of action are contingent, in part, on the existence, contents and enforceability of the Purported Contract. However, neither Plaintiff nor Defendant are parties to the Purported Contract. Therefore, Defendant issued a subpoena on Ridgeline for the Purported Contract, and any materials "related to" the Purported Contract. The materials "related to" the Purported Contract are necessary because the Purported Contract references other "contract documents", and the language contained in the Purported Contract regarding amending the same is unclear.

Subsequent to service of the subpoenas, on September 9, 2024, we heard from Ridgeline's counsel, advising of their retention with respect to the subpoenas and advising that they did not believe a deposition could be scheduled prior to September 20, 2024, but rather could take place in early October 2024. Thereafter, we followed up with Ridgeline's counsel multiple times for both the deposition and documents, being mindful of the previous October 21, 2024 discovery deadline. A copy of the foregoing email chain is attached as Exhibit E. On October 10, 2024, Ridgeline's counsel advised that A.L. One had admitted to a contract between A.L. One and Ridgeline in the underlying personal injury litigation and provided a copy of the same (the "Produced Contract"). A copy of the Response to the Notice to Admit and Produced Contract is attached as Exhibit F.

In the interests of judicial economy, Defendant was willing to accept the Produced Contract. However, to ensure that Defendant had the full scope of the agreement between the parties, we requested that Ridgeline also submit a sworn statement that the Produced Contract was the operative Purported Contract and that Ridgeline did not have any other documents related to the Produced Contract.

After our follow ups, on October 30, 2024, Ridgeline's counsel provided a statement from Ridgeline, admitting to the Produced Contract and that it was in effect on the date of the accident. However, despite our request, Ridgeline's counsel has refused to produce any of the materials related to the contract or produce a sworn statement that such documents do not exist. Ridgeline's counsel maintains that the "related materials" are not relevant as all parties to the contract admit to the same version of the Produced Contract. However, for the reasons discussed herein, in absence of the same, the Produced Contract is insufficient and incomplete.

To that end, pursuant to Federal Rule of Civil Procedure 37(a)(1), counsel for Defendant made its best good faith efforts to confer with the non-responding party. On October 31, 2024, we advised counsel for Ridgeline of the deficiency of the response and proposed methods to comply. Notwithstanding our effort, counsel for Ridgeline has been steadfast in its refusal to provide anything more than the Produced Contract in response to the subpoenas. We ultimately advised counsel that we would need court intervention. A copy of the email chain from October 30, 2024 to November, 1, 2024 is annexed as Exhibit G.

Despite Ridgeline's position to the contrary, the Produced Contract is not a sufficient response to the subpoenas. Notably, the insurance procurement provision in the Produced Contract, which Ridgeline's counsel maintains is relevant, provides:

> [s]ubcontractor shall, at its sole expense, provide and maintain in effect at all times during the performance of the Subcontract, insurance coverage with limits not less than those set forth in this Article 3 and Exhibit "J" attached hereto (unless modified in Exhibit "C" of this Subcontract), as detailed in this Article 3 under forms of policies satisfactory to Contractor and Owner.

(See Ex. F at pg. SDNY 9).

However, no Exhibit "J" is attached to the Produced Contract. (See Ex. F).

Furthermore, Article 24 the Produced Contract provides:

> [t]his Subcontract and the attached exhibits and schedules shall constitute the entire contract between the parties and shall supersede any proposals or agreements and may not be altered or amended in any respect by writing duly executed at the point of change by the parties hereto.

(See Ex. F at pg. SDNY 20).

However, the foregoing language is contradicted by other language contained in Article 1 of the Produced Contract, which referenced multiple other documents which constitute parts of the Produced Contract. To wit, Article 1 provides:

> [i]n consideration of the Subcontract Price…Subcontractor shall furnish and install…unless expressly excluded in Exhibit "C"… all in complete accordance with the General Contract Documents as herein defined which are specifically incorporated herein and made a part hereof by reference, and further defined in Exhibit "F" – Schedule of Documents.

(See Ex. F at pg. SDNY 8).

The referenced "Exhibit F" in the Produced Contract lists a number of "Documents" which are a part of the Produced Contract by reference, but not provided. One such document is the

"AGREEMENT BETWEEN OWNER AND CONTRACTOR," which is not part of the Produced Contract and, to date, has not been provided. (See Ex. F at pg. SDNY 34).

Furthermore, Article 1 of the Produced Contract also provides that the:

Subcontractor agrees to be bound to Contractor by the General Contract Documents and all other instruments herein referred to and further to assume toward Contractor all the obligations and responsibilities pertaining to the Work that Contractor by the General Contract Documents has assumed to Owner.

(See Ex. F at SDNY 8).

However, despite incorporating the "General Contract Documents" by reference, the Produced Contract does not define or annex the so-called "General Contract Documents." Therefore, not only is the Produced Contract missing referred-to exhibits, but it is also absent of an agreement between the "Owner" and "Contractor" as well as the referenced "General Contract Documents."

Federal Rule of Civil Procedure 26(b)(1) allows a party to obtain "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Relevance, within the context of discovery, is an "extremely broad concept." *U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12 CIV. 6811 CM JCF, 2013 WL 1728933, at *2 (S.D.N.Y. Apr. 22, 2013) (quoting *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y.2004)). Relevance encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.* (quoting *Schoolcraft v. City of New York*, No. 10 Civ. 6005, 2012 WL 2161596, at *12 (S.D.N.Y. June 14, 2012)). After the moving party demonstrates that the information and/or testimony requested is relevant and proportional, the responding party must justify curtailing the requested discovery. *Butler v. Suria*, No. 17 CIV. 3077 (KPF), 2018 WL 4278338, at *2 (S.D.N.Y. June 27, 2018).

As discussed above, the Produced Contract, along with any related documents are relevant to the central issues and possible resolution of this case. As set forth above, Plaintiff's causes of action are contingent, in part, on the contents and enforceability of the Purported Contract. To that end, the documents produced by Ridgeline to date are insufficient and do not appear to be the full contract. Furthermore, the requests set forth in the subpoenas are proportionate as they are limited to the documents and information that are squarely at issue in this matter.

The Purported Contract, along with any documents related to it, are essential to the evaluation and litigation of this matter. As the Produced Contract is missing exhibits, incorporated-by-reference contract documents, and contains contradictory language, Defendant is entitled to the requested additional information. To the extent such information does not exist, Defendant is entitled to an affidavit from Ridgeline attesting to the same.

Based on the foregoing, we kindly request that the Court, pursuant to Federal Rules of Civil Procedure 37, enter an order compelling the subpoenaed Ridgeline to appear and fully comply

with the served subpoenas. We further request that the Court deny Ridgeline's request to for leave to file a motion to quash the non-party subpoenas.

We thank the Court for its attention to this matter and its considerations in this regard.

Respectfully,

/s/ Eric Stern

Eric Stern, Esq.

cc: All Counsel of Record (via ECF)

Counsel for Ridgeline (via email, without exhibits)

---

```
The Court has reviewed Ridgeline's letter motion for leave to file a motion
to quash the non-party subpoena (Dkt. #33), as well as Defendant's letter
motion to compel compliance with the non-party subpoena (Dkt. #34).

First, the Court admonishes Defendant for failing to comply with Rule 4(A) of
the Court's Individual Rules of Practice in Civil Cases by filing a letter
motion in excess of three pages.

Nevertheless, given the issues raised in the parties' letter motions, the
Court hereby ORDERS the parties to appear for a pre-motion conference to
discuss the issues raised in these letters on November 15, 2024, at 11:00
a.m.  The conference shall take place by telephone.  At the scheduled time,
the parties shall dial (888) 363-4749 and enter access code 5123533.

The Clerk of Court is directed to terminate the pending motions at docket
entries 33 and 34.

Dated:    November 6, 2024              SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE